# United States Court of Appeals
## For the Seventh Circuit
### Chicago, Illinois 60604

#### NOTICE OF ISSUANCE OF MANDATE

DATE:    November 5, 2004

TO:      John M. Waters
         United States District Court
         Central District of Illinois
         151 U.S. Courthouse
         600 E. Monroe Street
         United States Courthouse & Federal Building
         Springfield, IL  62701

FROM:    Gino J. Agnello, Clerk

RE:      03-3680
         Thornhill, Michael v. Cox, James G.
         00 C 3312, Harold A. Baker, Judge

         Herewith is the mandate of this court in this appeal, along
         with the Bill of Costs, if any.  A certified copy of the
         opinion/order of the court and judgment, if any, and any
         direction as to costs shall constitute the mandate.

         [ ] No record filed
         [X] Original record on appeal consisting of:
**ENCLOSED:**                                     **TO BE RETURNED AT LATER DATE:**
         [1]    Volumes of pleadings               [ ]
         [1]    Loose pleadings                    [ ]
         [ ]    Volumes of transcripts             [ ]
         [ ]    Volumes of exhibits                [ ]
         [ ]    Volumes of depositions             [ ]
         [ ]    In Camera material                 [ ]
         [ ]    Other_____[ ]

                Record being retained for use      [ ]
                in Appeal No. _____

         Copies of this notice sent to:      Counsel of record
         [ ]    United States Marshal
         [ ]    United States Probation Office

**NOTE TO COUNSEL:**
         If any physical and large documentary exhibits have been filed in
         the above-entitled cause, they are to be withdrawn ten days from the
         date of this notice.  Exhibits not withdrawn during this period will
         be disposed of.

         Please acknowledge receipt of these documents on the enclosed copy
         of this notice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
         Received above mandate and record, if any, from the Clerk, U.S.
         Court of Appeals for the Seventh Circuit.
Date:    November 8, 2004                    s/M. Stewart
(1071-120397)                                Deputy Clerk, U.S. District Court

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

JUDGMENT- WITHOUT ORAL ARGUMENT

CERTIFIED COPY

Date: October 14, 2004

BEFORE:  Honorable JOHN L. COFFEY, Circuit Judge

Honorable KENNETH F. RIPPLE, Circuit Judge

Honorable MICHAEL S. KANNE, Circuit Judge

No. 03-3680

MICHAEL T. THORNHILL,
        Plaintiff - Appellant
  v.

JAMES G. COX, CAPTAIN MONTGOMERY,
T. J. COSGROVE, et al.,
        Defendants - Appellees


Appeal from the United States District Court for the
Central District of Illinois
No. 00 C 3312, Harold A. Baker, Judge

    The judgment of the District Court is AFFIRMED,
in accordance with the decision of this court entered on this date.


(1060-110393)

UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 14, 2004[*]
Decided October 14, 2004

**CERTIFIED COPY**

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 03-3680

| | |
|---|---|
| MICHAEL T. THORNHILL, <br> Plaintiff-Appellant, | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 00-3312 |
| JAMES G. COX, et al., <br> Defendants-Appellees. | Harold A. Baker, <br> Judge. |

**O R D E R**

In this *pro se* action under 42 U.S.C. § 1983, former Illinois inmate Michael T. Thornhill claims that a number of past and current prison employees at Logan Correctional Center denied him adequate medical care and housing during a brief period in December 1999, and that several defendants were motivated by a desire to retaliate for grievances and a lawsuit that he filed at the start of the episode. The district court dismissed several defendants at the screening stage, *see* 28 U.S.C. § 1915A, and later granted summary judgment for those who remained. On appeal Thornhill argues that the district court should have enlisted counsel to assist him and should have compelled the production of his entire prison medical file. He also

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

No. 03-3680                                                              Page 2

argues that it was error not to let his retaliation claim proceed to trial. We affirm the judgment.

The following facts were undisputed at summary judgment. Until December 22, 1999, Thornhill was authorized to have a prison-issued cane as a walking aid. On that date Thornhill got into a fight with another inmate and was issued a disciplinary ticket and placed in segregation pending an investigation. Pursuant to policy and with the warden's approval, the cane was taken from Thornhill because inmates in segregation are not permitted to retain items that might be used as a weapon. Additionally, on the same day as the fight, a civil rights complaint that included among its lengthy list of defendants eight of the ten employees who were granted summary judgment in this litigation reached federal court; that suit, *Thornhill v. Ill. Depa't of Corr.*, No. 3:00-cv-03054-HAB (C.D. Ill. Sept. 29, 2000), was later dismissed for failure to exhaust administrative remedies. The events that triggered that earlier suit are not disclosed by the record before us.

The day after the fight, December 23, 1999, an Adjustment Board found Thornhill guilty of fighting and, as punishment, demoted him to a lower grade and ordered him to serve two days in segregation with credit for time served. Immediately after this disciplinary proceeding, Thornhill was released from segregation. His cane was not returned, however, because earlier in the day the medical director had revoked his authorization to possess it. Thornhill's medical records memorialize the director's assessment that a cane was not medically indicated, a conclusion that rests in part on accounts from witnesses who reportedly saw Thornhill running——without the cane——at the inmate he fought with.

On the way back to his cell from segregation, Thornhill slipped on a patch of ice and fell on his back. He was taken to Abraham Lincoln Memorial Hospital, where x-rays were taken. The attending physician saw no evidence of a neck injury but did discern lower-back damage that was "most likely old." The physician explained that the x-rays of Thornhill's cervical spine were "unremarkable" and disclosed "no abnormalities," but added that additional x-rays or a CT scan would offer better imaging if desired. The physician also offered that more x-rays of the lower back could be done "in a week or two" if Thornhill, who reported a history of falling and having pain, was still experiencing discomfort. Thornhill was then returned to Logan, where the medical director instructed that he be housed in segregation for observation because the facility lacks an infirmary. Progress notes in Thornhill's medical file reflect that a nurse stopped at his cell on December 25, 26, 27, and 28, and that on two of those dates Thornhill refused his medication. The progress notes for December 27 also recount Thornhill's statement to a psychologist that he had "no complaints" and wanted to be released from medical observation. Thornhill was released from segregation on December 28.

Thornhill sued late the following year while still in prison. As relevant here, he named as defendants the warden (who has since left), the administrator of the health care unit, the two officers who investigated the December 22 fight, one of two members of the Adjustment Committee who found him guilty (Thornhill wrongly identified the other member), the guard who escorted him to segregation after the fight and another guard who monitored his recovery in segregation after the fall, and two counselors. Thornhill claimed that all of the defendants except the counselors were deliberately indifferent to his serious medical needs and deprived him of adequate housing in that they knew he suffered from dislocated patellas and emphysema but nonetheless took his cane, failed to schedule a CT scan, placed him in a segregation cell that was not designated as non-smoking, and refused to give him an extra blanket in segregation. Thornhill also claimed that the warden, the guard who placed him in segregation after the fight, the named member of his Adjustment Committee, and the two counselors all participated in these events or suppressed his grievances in retaliation for the lawsuit that reached federal court on the day of his fight.

On appeal Thornhill first argues that the district court abused its discretion, see *Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000), in refusing his five requests for appointed counsel. A district court in its discretion "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). But parties to civil litigation have no right to counsel. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). In assessing whether to enlist counsel to aid an indigent civil litigant, district courts should consider various factors including whether the litigant appears competent to try his own case and whether the assistance of counsel would affect the outcome of the case. See *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Even in an Eighth Amendment case involving "tricky issues of state of mind and medical causation," we will uphold a decision not to appoint counsel if the litigant appears "as competent as any average pro se litigant." *Hudson v. McHugh*, 148 F.3d 859, 862-63 n.1 (7th Cir. 1998). "As a threshold matter," moreover, "a litigant must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288; see *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992).

Even if we accept that Thornhill's one unsuccessful attempt to retain a lawyer satisfied his obligation to engage in a reasonable effort to find counsel on his own, we could not find an abuse of discretion on this record. The district court found that Thornhill appeared to have "a good knowledge" of the Federal Rules of Civil Procedure and had demonstrated the capacity to represent himself through the motions and responses he filed during the litigation. The court also determined that the issues were neither so complex nor the merits so strong as to warrant appointment of counsel. Though his efforts were ultimately unsuccessful,

No. 03-3680											Page 4

Thornhill's filings demonstrate that he understood the facts he needed to prove and was capable of presenting his legal arguments.

Thornhill next argues that the district court abused its discretion in denying his motion to compel production of all of his medical records from his time at Logan. Thornhill had sought copies of everything in his medical file dating back to October 1997, but the defendants characterized that demand as overly broad and instead gave him copies of documents pertaining to the period between December 23, 1999, and January 22, 2000. In denying the motion, the district court agreed with the defendants that Thornhill's request was too broad, and, like the defendants, the court observed that Thornhill already had the ability to obtain copies of the other records in his file by making a request to Logan's director of medical records and paying the cost of reproduction. Because district judges are better situated to decide discovery matters, we review discovery rulings only for an abuse of discretion. *United States v. Pearson*, 340 F.3d 459, 467 (7th Cir. 2003). We will not reverse the district court's ruling "absent a clear showing that the denial of discovery resulted in actual and substantial prejudice." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001).

Thornhill has failed to show actual prejudice from his inability to obtain the remainder of his medical file at no cost through discovery. If Thornhill wanted further records pertaining to the alleged knee condition that, he says, made the use of a cane essential, he could have narrowed his discovery request or simply purchased copies of any relevant pages in the file. Indeed, Thornhill has never suggested that there is any record in the file that would substantiate his allegation of a knee condition. Moreover the presence of the medical records could not have altered the district court's grant of summary judgment on Thornhill's claim of deliberate indifference. Thornhill conceded that the medical director approved the confiscation of his cane as not medically indicated. Thus, the court reasoned, the defendants to this action would have been justified in relying on the medical director's decision even if a record in the file evidences a past knee injury. Thornhill does not challenge this conclusion. Thus, while additional medical records might conceivably have been relevant as to the potential liability of the medical director under § 1983, she was dismissed from the case because she was never served with process. Because the court's denial of Thornhill's request for his medical records did not result in prejudice, we find no error.

Finally, Thornhill argues that the district court erred in granting summary judgment on his First Amendment retaliation claim. Summary judgment is appropriate whenever "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

No. 03-3680 Page 5

The district court held that Thornhill's contention that the defendants were motivated by a desire to retaliate for his earlier lawsuit was "not supported by anything stronger than conjecture." We agree. Moreover, as the district court noted, Thornhill produced no evidence that any of the defendants named in his retaliation claim even were aware of his December 1999 lawsuit at the time of the events in this case. And since the earlier suit was dismissed *because* Thornhill filed it without first exhausting his administrative remedies, neither could the defendants have been retaliating for any internal administrative complaint that might have precipitated the lawsuit.

AFFIRMED.